Stephen C. Jensen (SBN 149,894)
scj@kmob.com
Douglas G. Muehlhauser (SBN 179,495)
dgm@kmob.com
Mark Lezama (SBN 253,479)
mark.lezama@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
AMERIGON INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIGON INC.,<br>a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>W.E.T. AUTOMOTIVE SYSTEMS LTD.<br>an Ontario corporation,<br><br>Defendant. | Civil Action No.<br><br>CV09-08466 RGK(RCx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. RE38,128, 5,626,021, 4,923,248 AND 7,587,901**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Amerigon Inc. ("Amerigon") hereby complains of Defendant W.E.T. Automotive Systems Ltd. ("W.E.T.") and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and, more particularly, 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Upon information and belief, W.E.T. conducts business throughout the United States, including in this Judicial District, and has committed the acts complained of in this Judicial District and elsewhere.

3. Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## PARTIES

4. Amerigon is a Michigan corporation having its principal place of business at 21680 Haggerty Road, Suite 101, Northville, Michigan 48167.

5. Upon information and belief, Defendant W.E.T. Automotive Systems Ltd. is an Ontario corporation having a principal place of business at 9475 Twin Oaks Drive, Windsor, ON N8N 5B8, Canada.

6. Upon information and belief, W.E.T. does business in this Judicial District and has committed acts of infringement in this District.

## ALLEGATIONS FOR ALL CLAIMS OF RELIEF

7. On June 11, 1996, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,524,439, which it reissued on June 3, 2003 as U.S. Patent No. RE38,128 ("the '128 patent") titled "Variable Temperature Seat Climate Control System." Amerigon owns the '128 patent by assignment. A copy of the '128 patent is attached hereto as Exhibit 1.

///
///

8. On May 6, 1997, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 5,626,021 ("the '021 patent") titled "Variable Temperature Seat Climate Control System." Amerigon owns the '021 patent by assignment. A copy of the '021 patent is attached hereto as Exhibit 2.

9. On May 8, 1990, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 4,923,248 ("the '248 patent") titled "Cooling and Heating Seat Pad Construction." Amerigon is the exclusive licensee of the '248 patent. A copy of the '248 patent is attached hereto as Exhibit 3.

10. On September 15, 2009, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 7,587,901 ("the '901 patent") titled "Control System for Thermal Module in Vehicle." Amerigon owns the '901 patent by assignment. A copy of the '901 patent is attached hereto as Exhibit 4.

11. W.E.T., through its agents, employees and servants, has infringed, actively induced others to infringe and/or contributed to others' infringement of one or more claims of the '128, '021, '248 and '901 patents under 35 U.S.C. § 271 by manufacturing, using, promoting, offering for sale, selling and/or importing products, including systems and methods for heating and/or cooling seats, covered by one or more claims of those patents.

12. Amerigon has given notice to W.E.T. of its infringement of the '128, '021 and '248 patents.

### FIRST CLAIM FOR RELIEF
### INFRINGEMENT OF U.S. PATENT NO. RE38,128

13. Amerigon repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 of this Complaint.

///

14. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

15. Upon information and belief, W.E.T. has in the past infringed and is currently infringing the '128 patent by making, using, promoting, selling, importing and/or offering to sell vehicle-based climate control systems and methods covered by one or more claims of the '128 patent in violation of 35 U.S.C. § 271.

16. Upon information and belief, W.E.T. has actively induced others to infringe the '128 patent. W.E.T.'s acts constitute infringement of the '128 patent in violation of 35 U.S.C. § 271(b).

17. Upon information and belief W.E.T. has contributorily infringed the '128 patent. W.E.T.'s acts constitute infringement of the '128 patent in violation of 35 U.S.C. § 271(c).

18. Amerigon has given W.E.T. notice that it infringes the '128 patent.

19. Upon information and belief, W.E.T.'s infringement of the '128 patent has been and continues to be deliberate and willful.

20. Upon information and belief, W.E.T.'s infringement will continue unless enjoined by this Court.

21. Upon information and belief, W.E.T. has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Amerigon. Due to W.E.T.'s infringement of the '128 patent, Amerigon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

22. Unless W.E.T. is enjoined from infringing the '128 patent, Amerigon will continue to suffer irreparable injury for which it has no adequate remedy at law.

///

///

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 5,626,021

23. Amerigon repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-22 of this Complaint.

24. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

25. Upon information and belief, W.E.T. has in the past infringed and is currently infringing the '021 patent by making, using, promoting, selling, importing and/or offering to sell vehicle-based climate control systems and methods covered by one or more claims of the '021 patent in violation of 35 U.S.C. § 271.

26. Upon information and belief, W.E.T. has actively induced others to infringe the '021 patent. W.E.T.'s acts constitute infringement of the '021 patent in violation of 35 U.S.C. § 271(b).

27. Upon information and belief W.E.T. has contributorily infringed the '021 patent. W.E.T.'s acts constitute infringement of the '021 patent in violation of 35 U.S.C. § 271(c).

28. Amerigon has given W.E.T. notice that it infringes the '021 patent.

29. Upon information and belief, W.E.T.'s infringement of the '021 patent has been and continues to be deliberate and willful.

30. Upon information and belief, W.E.T.'s infringement will continue unless enjoined by this Court.

31. Upon information and belief, W.E.T. has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Amerigon. Due to W.E.T.'s infringement of the '021 patent, Amerigon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

///

32. Unless W.E.T. is enjoined from infringing the '021 patent, Amerigon will continue to suffer irreparable injury for which it has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### INFRINGEMENT OF U.S. PATENT NO. 4,923,248

33. Amerigon repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint.

34. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

35. Upon information and belief, W.E.T. has in the past infringed the '248 patent by making, using, promoting, selling, importing and/or offering to sell vehicle-based climate control systems and methods covered by one or more claims of the '248 patent in violation of 35 U.S.C. § 271.

36. Upon information and belief, W.E.T. has actively induced others to infringe the '248 patent. W.E.T.'s acts constitute infringement of the '248 patent in violation of 35 U.S.C. § 271(b).

37. Upon information and belief W.E.T. has contributorily infringed the '248 patent. W.E.T.'s acts constitute infringement of the '248 patent in violation of 35 U.S.C. § 271(c).

38. Amerigon has given W.E.T. notice that it has infringed the '248 patent.

39. Upon information and belief, W.E.T.'s infringement of the '248 patent has been deliberate and willful.

40. Upon information and belief, W.E.T. has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Amerigon. Due to W.E.T.'s infringement of the '248 patent, Amerigon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 7,587,901

41. Amerigon repeats, realleges and incorporates by reference the allegations set forth in Paragraphs 1-40 of this Complaint.

42. This is a claim for patent infringement and arises under the Patent Laws of the United States, Title 35 of the United States Code.

43. Upon information and belief, W.E.T. has in the past infringed and is currently infringing the '901 patent by making, using, promoting, selling, importing and/or offering to sell vehicle-based climate control systems and methods covered by one or more claims of the '901 patent in violation of 35 U.S.C. § 271.

44. Upon information and belief, W.E.T. has actively induced others to infringe the '901 patent. W.E.T.'s acts constitute infringement of the '901 patent in violation of 35 U.S.C. § 271(b).

45. Upon information and belief W.E.T. has contributorily infringed the '901 patent. W.E.T.'s acts constitute infringement of the '901 patent in violation of 35 U.S.C. § 271(c).

46. Upon information and belief, W.E.T. has derived, received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Amerigon. Due to W.E.T.'s infringement of the '901 patent, Amerigon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Amerigon prays for the following relief:

A. An Order adjudging W.E.T. to have infringed the '128, '021, '248 and '901 patents;

///
///

    B.    A permanent injunction enjoining W.E.T., as well as its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with W.E.T., from infringing the '128, '021, '248 and '901 patents;

    C.    An accounting of all gains, profits, and advantages derived by W.E.T.'s infringement of the '128, '021, '248 and '901 patents and for damages adequate to compensate Amerigon for W.E.T.'s infringement of the '128, '021, '248 and '901 patents;

    D.    An Order adjudging W.E.T. to have willfully infringed one or more of the '128, '021 and '248 patents and declaring this to be an exceptional case;

    E.    An Order trebling damages and/or for exemplary damages because of W.E.T.'s intentional and willful conduct;

    F.    An award of pre-judgment and post-judgment interest and costs of this action against W.E.T.;

    G.    An award to Amerigon of its attorneys' fees incurred in connection with this action; and

    H.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 11/17/09   By: /s/
Stephen C. Jensen
Douglas G. Muehlhauser
Mark Lezama

Attorneys for Plaintiff
AMERIGON INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Amerigon Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: 11/17/09    By: /s/

Stephen C. Jensen
Douglas G. Muehlhauser
Mark Lezama

Attorneys for Plaintiff
AMERIGON INC.

7007076
042009

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV09- 8466 RGK (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Stephen C. Jensen (SBN 149,894)
Douglas G. Muehlhauser (SBN 179,495)
Mark Lezama (SBN 253,479)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor, Irvine, CA 92614
Phone: (949) 760-0404, Facsimile: (949) 760-9502

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIGON INC.<br>a Michigan corporation<br><br>PLAINTIFF(S)<br>v.<br><br>W.E.T. AUTOMOTIVE SYSTEMS LTD.<br>an Ontario corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-08466** RGK(RCx)<br><br>SUMMONS |

TO: DEFENDANT(S): W.E.T. AUTOMOTIVE SYSTEMS LTD.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Stephen C. Jensen, Esq.__, whose address is __2040 Main Street, 14th Floor, Irvine, CA 92614__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: **NOV 17 2009**

Clerk, U.S. District Court

By: **LA'REE HORN**
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)  SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| AMERIGON INC. | W.E.T. AUTOMOTIVE SYSTEMS LTD. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Knobbe, Martens, Olson & Bear, LLP<br>2040 Main Street, 14th Floor, Irvine, CA 92614<br>(949) 760-0404 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be Determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Patent Infringement under 35 U.S.C. § 271

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | | | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV09-08466**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                 CIVIL COVER SHEET                                 Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ontario Canada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Counties | All States |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  11/17/09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |