1  STEPTOE & JOHNSON LLP
   Seong Kim (SBN 166604)
2  Dylan Ruga (SBN 235969)
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, CA 90067
   Telephone:  (310) 734-3200
4  Facsimile:  (310) 734-3300
   Email:      skim@steptoe.com
5  Email:      druga@steptoe.com

6
   Thomas G. Pasternak
7  (*pro hac vice* application forthcoming)
   115 South La Salle Street, Suite 3100
8  Chicago, IL 60603
   Telephone:  (312) 577-1265
9  Facsimile:  (312) 577-1370
   Email:      tpasternak@steptoe.com
10

11 Tremayne Norris
   (*pro hac vice* application forthcoming)
12 Tiffany Miller
   (*pro hac vice* application forthcoming)
13 1330 Connecticut Ave., NW
   Washington D.C. 20036
14 Telephone:  (202) 429-3000
   Facsimile:  (202) 429-3902
15 Email:      tnorris@steptoe.com;
16 Email:      tmiller@steptoe.com

17
   DOBRUSIN & THENNISCH PC
18 Jeffrey P. Thennisch
   (*pro hac vice* application forthcoming)
19 Eric M. Dobrusin
   (*pro hac vice* application forthcoming)
20 Eric R. Kurtycz
   (*pro hac vice* application forthcoming)
21 29 W Lawrence Street, Suite 210
   Pontiac, MI 48342
22 Telephone:  (248) 292-2920
   Fax:        (248) 292-2910
23 Email:      Jthennisch@patentco.com
   Email:      edobrusin@patentco.com
24 Email:      ekurtycz@patentco.com
25

26 Attorneys for Defendant
   WET AUTOMOTIVE SYSTEMS LTD.
27

28

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS, ET AL.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

AMERIGON INC., a Michigan corporation,

              Plaintiff,

   v.

W.E.T. AUTOMOTIVE SYSTEMS LTD., an Ontario corporation,

              Defendant.

Case No. CV09-08466 RGK (RCx)

Hon. R. Gary Klausner

**W.E.T.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER TO THE EASTERN DISTRICT OF MICHIGAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declaration of Robert Klein filed and [Proposed] Order lodged herewith]

Date:          March 8, 2010
Time:          9:00 a.m.
Courtroom:     850

PLEASE TAKE NOTICE that on March 8, 2010, at 9:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 850 of the United States District Court for the Central District of California, located at 255 E. Temple Street, Los Angeles, CA, before the Honorable R. Gary Klausner, Defendant W.E.T. Automotive Systems Ltd. ("W.E.T."), by and through Counsel, will move for an Order dismissing this case or transfer it to the Eastern District of Michigan.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Robert Klein filed concurrently herewith, all matters of which the Court may properly take judicial notice, and all other oral and documentary evidence which may be presented prior to or at the hearing on the Motion.

WHEREFORE for the reasons stated and as explained more fully within the concurrently filed Brief request this Honorable Court for an Order dismissing Plaintiff's Complaint for lack of personal jurisdiction or improper venue, or in the alternative, to transfer venue to the Eastern District of Michigan.

Dated:  February 7, 2010

STEPTOE & JOHNSON LLP
Seong H. Kim
Thomas G. Pasternak
Dylan Ruga
Tremayne Norris
Tiffany Miller

and

DOBRUSIN & THENNISCH PC
Jeffrey P. Thennisch
Eric M. Dobrusin
Eric R. Kurtycz


By:   /s/ Dylan Ruga
Dylan Ruga
Attorneys for Defendants
WET AUTOMOTIVE SYSTEMS
LTD.

1

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS, ET AL.

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...........................................................1

II.  BACKGROUND .............................................................1

III. ARGUMENT ................................................................3

A.   This Court Does Not Have Personal Jurisdiction
     Over W.E.T. ...............................................................3

B.   Alternatively, Amerigon's Complaint Should Be
     Dismissed for Improper Venue or Venue Should be
     Transferred to the Eastern District of Michigan ....................5

1.   Venue In This District is Improper and this Case
     Should be Dismissed or Transferred.............................5

2.   Alternatively, this Case Should be Transferred to
     the Eastern District of Michigan.................................7

a.   The Relevant Activity Took Place
     in Michigan.........................................................9

b.   Both California and Michigan are Equally
     Familiar with Patent Law. .................................9

c.   Plaintiff's Choice of Forum is Afforded
     Little Weight In These Circumstances. ...........10

d.   The Parties Have Minimal Contacts With
     This District and Many with the E.D. of
     Michigan.........................................................10

e.   Litigating in this Court Would Be More
     Expensive for Both Parties than Litigating
     in Michigan.....................................................11

i

        f.     All Relevant Witnesses, Third Parties,
and Documents are Located in Michigan
and Canada. ..................................................................12

IV.  CONCLUSION..................................................................13

# TABLE OF AUTHORITIES

Page(s)

CASES

*3D Sys., Inc. v. Aarotech Labs., Inc.,*
  160 F.3d 1373 (Fed. Cir. 1998) ........................................................................... 3

*Bentz v. Recile,*
  778 F.2d 1026 (5th Cir. 1985) ............................................................................. 8

*Breckenridge Pharm, Inc. v. Metabolite Labs, Inc.,*
  444 F.3d 1356 (Fed. Cir. 2006) ........................................................................... 4

*Burger King Corp. v. Rudzewicz,*
  471 U.S. 462 (1985) ............................................................................................. 4

*Decker Coal Co. v. Commonwealth Edison Co.,*
  805 F.2d 834 (9th Cir. 1986) ............................................................................... 9

*Dolezal v. Fritch,*
  2009 U.S. Dist. LEXIS 26238 (D. Ariz. March 23, 2009) ................................ 12

*Fireman's Fund Ins. Co. v. National Bank of Coops.,*
  103 F.3d 888 (9th Cir. 1997) ............................................................................... 3

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501 (1947) ............................................................................................. 8

*In re Cordis Corp.,*
  769 F.2d 733 (Fed. Cir. 1985) ............................................................................. 7

*In re Genentech, Inc.,*
  566 F.3d 1338 (Fed. Cir. 2009) ........................................................................... 8

*In re Hoffman-La Roche Inc.,*
  Misc. No. 911 U.S. App. LEXIS 26244 (Fed. Cir. Dec. 2, 2009) ...................... 8

*In re Nintendo Co.,*
  2009 U.S. App. LEXIS 27647 (Fed. Cir. Dec. 17, 2009) .............................. 8, 13

*In re TS Tech USA Corp.,*
  551 F.3d 1315 (Fed. Cir. 2008) ........................................................................... 8

iii

*Inherent.com v. Martindale-Hubbell*,
   420 F. Supp.2d 1093 (N.D.Cal. 2006) .................................................................. 10

*Int'l Shoe Co.v. Washington*,
   326 U.S. 310 (1945) .................................................................................................. 4

*Iorio v. Allianz Life Ins. Co.*,
   2009 U.S. Dist. LEXIS 97617 (S.D. Cal. Oct. 21, 2009) .................................... 12

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ................................................................................... 9

*Milliken v. Meyer*,
   311 U.S. 457 (1940) .................................................................................................. 4

*Pacific Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) ................................................................................. 10

*Silent Drive, Inc. v. Strong Indus., Inc.*,
   326 F.3d 1194 (Fed. Cir. 2003) ............................................................................... 3

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
   329 F.3d 823 (Fed. Cir. 2003) ................................................................................. 8

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
   917 F.2d 1574 (Fed. Cir. 1990) ............................................................................... 6

*World- Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) .................................................................................................. 4

**STATUTES**

28 U.S.C. §1391(c) .......................................................................................................... 6

28 U.S.C. §1400 .............................................................................................................. 7

28 U.S.C. §1400(b) .................................................................................................. 6, 7, 8

28 U.S.C. §§1404 ............................................................................................................ 1

28 U.S.C. §1404(a) .................................................................................................... 7, 8

28 U.S.C. §1406 ................................................................................................... 1, 5, 7, 8

iv

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

28 U.S.C. §1406(a) ................................................................................6, 8

28 U.S.C. §1631 ......................................................................................6

Cal. Civ. P. Code §410.10 .......................................................................3

**RULES**

F.R.C.P. 12(b)(2) .................................................................................1, 5

F.R.C.P. 12(b)(3) ....................................................................................1

F.R.C.P. 45 ...........................................................................................12

F.R.C.P. 45(b)(2)(B) .............................................................................12

**BOOKS AND ARTICLES**

9-45 Moore's Federal Practice – Civil §45.02[4][a] (2009)....................12

v

## I.    INTRODUCTION

This is a patent case in which Plaintiff Amerigon, Inc. ("Amerigon") alleges that W.E.T. is infringing four patents.  Amerigon filed its Complaint in this Court even though W.E.T. has no contacts with California, none of the activity/products relating to the asserted patents occurred in California, no relevant W.E.T. documents are known to be located in California, and no W.E.T. witnesses reside in California.  Simply put, this Court has no connection with either the parties or the facts of this case.

The truth of the matter is that Amerigon should have filed this case in the Eastern District of Michigan, where W.E.T. appropriately, contemporaneously with this motion, has filed a countersuit for patent infringement. Both companies have their corporate headquarters within fifty miles of that Michigan Court.  All of the significant activity relating to this litigation took place and currently is taking place in that forum and the vast majority of the necessary witnesses reside in that forum.

Accordingly, W.E.T. requests that the Complaint be dismissed for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or, alternatively, that venue be transferred to the Eastern District of Michigan under 28 U.S.C. §§1404 and 1406.

## II.    BACKGROUND

W.E.T. is an Ontario corporation with its headquarters and principal business operations in Windsor, Ontario, Canada.  Declaration of Robert Klein ("Klein Dec."), ¶ 3.  W.E.T.'s Windsor headquarters is located only eleven miles from the United States District Court for the Eastern District of Michigan in Detroit, Michigan.  Klein Dec. ¶ 4.  W.E.T. designs and sells heating systems and accessories for automobile seats.  Klein Dec. ¶ 5.  W.E.T.'s systems then are installed by W.E.T.'s customers into assembled seats, and then in turn are sold by W.E.T.'s customers to automobile manufacturers.  From the information available

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS, ET AL.

1   to W.E.T., it appears that Amerigon's Complaint concerns W.E.T.'s heating and

2   cooling technology for automobile seats that is more commonly known as

3   "ActiveCools.™"    The conception, design, and development of ActiveCools™

4   took place in Canada and Michigan.  Klein Dec. ¶ 6.  W.E.T. worked with Johnson

5   Controls, Inc. ("JCI"), located in Plymouth and Holland, Michigan, in the design

6   and development of ActiveCools™.    JCI assisted in the development of an air

7   distribution system, which is part of the overall system engineered independently

8   by W.E.T., the overall system including cooling and blowing systems.  Klein Dec.

9   ¶ 7.    W.E.T. has only sold ActiveCools™ to JCI and is in negotiations with a

10  second customer, Lear Corporation, which is located in Southfield, Michigan.

11  Klein Dec. ¶ 9.  Through JCI, ActiveCools™ seating has been placed in only one

12  line of automobiles, which is manufactured by General Motors Corporation in

13  Michigan.   Klein Dec. ¶ 10.   However, Lear Corporation is a second potential

14  customer.  The specific General Motors' products that utilize ActiveCools™ are

15  GMC's Acadia, Buick Enclave, and Chevrolet Traverse), which are now

16  assembled at GM's Lansing, Michigan facility in Delta Township, Michigan,

17  which itself is located within 100 miles of the U.S. District Court for the Eastern

18  District of Michigan.  Klein Dec. ¶ 10.

19       W.E.T. has no offices in California, has not registered to do business in

20  California, has not appointed an agent for service of process in California, has no

21  telephone listings or mailing addresses in California, has not developed,

22  manufactured, stored, or sold its products in California, has not initiated any

23  lawsuits in California, has no employees in California, does not own any real

24  property in California, has never advertised or marketed its products in California,

25  and does not hold any bank accounts in California.  Klein Dec. ¶ 11.  Although

26  W.E.T. maintains a website on the Internet that provides information about its

27  services, its website is passive.  Klein Dec. ¶ 12.  W.E.T. does not offer any

28

2

1  services or goods through its website, and customers cannot order from its website.
2  Klein Dec. ¶ 12.

3      Amerigon's only apparent connection to California is a small design office
4  located in Irwindale, California and the physical location of its current counsel.
5  However, Amerigon's World Headquarters and principal business operations are in
6  Northville, Michigan, which lies within the U.S. District Court for the Eastern
7  District of Michigan.  Klein Dec. ¶ 13.  Indeed, similar to W.E.T., Amerigon's
8  customers are located in Michigan.  For these reasons, fundamental due process
9  requirements do not allow Amerigon to assert personal jurisdiction over W.E.T. in
10  this judicial district under these circumstances.

11      Moreover, even if personal jurisdiction is proper, venue is not.  Thus, at a
12  minimum, this case should be transferred to Detroit where the parties themselves,
13  the products, and the relevant customers are all located (i.e. either within or 100
14  miles from the U.S. District Court for the Eastern District of Michigan).

15  **III.  ARGUMENT**

16      **A.  This Court Does Not Have Personal Jurisdiction Over W.E.T.**

17      The U.S. Court of Appeals for the Federal Circuit's precedent controls on
18  the issue of personal jurisdiction in patent cases.  *See 3D Sys., Inc. v. Aarotech*
19  *Labs., Inc.,* 160 F.3d 1373, 1377 (Fed. Cir. 1998).  The Federal Circuit has held
20  that whether an exercise of personal jurisdiction satisfies due process in a patent
21  case depends on three factors: (1) whether the defendant "purposefully directed" its
22  activities at residents of the forum; (2) whether the claim "arises out of or relates
23  to" the defendant's activities with the forum; and (3) whether assertion of personal
24  jurisdiction is "reasonable and fair"."  *Silent Drive, Inc. v. Strong Indus., Inc.,* 326
25  F.3d 1194, 1202 (Fed. Cir. 2003).  Because the long-arm statute in California
26  extends to the limits of due process, *see* Cal. Civ. P. Code §410.10; *see also*
27  *Fireman's Fund Ins. Co. v. National Bank of Coops.*, 103 F.3d 888, 893 (9th Cir.
28  1997), these prongs merge into a due process analysis.  Due Process requires that

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS, ET AL.

1    in order to subject a foreign defendant to jurisdiction in a forum state, the

2    defendant must "have certain minimum contacts with it such that the maintenance

3    of the suit does not offend 'traditional notions of fair play and substantial justice.'"

4    *Int'l Shoe Co.v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,*

5    311 U.S. 457, 463 (1940)).  Moreover, these contacts must be "purposeful," so that

6    non-residents have fair warning that a particular activity may subject them to

7    litigation within the forum.  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472-

8    74 (1985); *World- Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)

9    (minimum contacts found only where the defendant "purposefully avails itself of

10   the privilege of conducting activities within the forum State" such that it "should

11   reasonably anticipate being haled into court there.")

12        Notably, only if Amerigon meets its burden as to the first two prongs, the

13   burden then shifts to W.E.T. to show "a compelling case that the presence of some

14   other considerations would render jurisdiction unreasonable."  *Breckenridge*

15   *Pharm, Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1361-62 (Fed. Cir. 2006)

16   (quoting *Burger King*, 471 U.S. at 476-77).  Amerigon does not meet its burden on

17   either of the first two prongs.

18        W.E.T. has not purposefully directed its activities at residents of California

19   and Amerigon's claim does not arise out of or relate to W.E.T.'s  activities in

20   California.  In other words,  insufficient minimum contacts exist between W.E.T.

21   and California as required by due process for personal jurisdiction.

22        **W.E.T. has no contacts with California whatsoever**.  It has no offices in

23   California, has not registered to do business in California, has not appointed an

24   agent for service of process in California, has no telephone listings or mailing

25   addresses in California, has not developed, manufactured, stored, or sold its

26   products in California, has not initiated any lawsuits in California, has no

27   employees in California, does not own any real property in California, has not

28   advertised or marketed its products in California, and does not hold any bank

1    accounts in California.  Klein Declaration, *passim*.

2    **None of the activities relevant to this lawsuit occurred in California**.

3    The design and development of ActiveCools™ took place in Ontario, Canada and

4    Michigan.  W.E.T.'s customers for the ActiveCools™ product are all located in

5    Michigan, and the automobiles in which they have been placed are

6    manufactured/assembled in Michigan.  Significantly, W.E.T. only markets its

7    systems to Michigan automobile seat manufacturers such as JCI and Lear.  Those

8    manufacturers incorporate the systems into finished seats, which they in turn sell to

9    the automobile manufacturers.  Klein Dec. ¶ 8.

10   Thus, because W.E.T. has not  purposefully directed its activities at residents

11   of California and because Amerigon's claim does not the arise out of or relate to

12   W.E.T.'s   activities in California, W.E.T. does not have the requisite minimum

13   contacts  with  the  State  of  California,  or  this  judicial  district  in  particular,

14   Amerigon's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack

15   of personal jurisdiction.

16   **B.    Alternatively, Amerigon's Complaint Should Be Dismissed for**

17   **Improper Venue or Venue Should be Transferred to the Eastern**

18   **District of Michigan**

19   1.    Venue In This District is Improper and this Case Should be

20   Dismissed or Transferred.

21   Alternatively  to  dismissing  this  case  for  a  lack  of  personal  jurisdiction,

22   pursuant to 28 U.S.C. §1406, this Court should dismiss this case or transfer it to the

23   Eastern District of Michigan in the interests of justice for improper venue.

24   Section 1406 provides, in relevant part:

25   The district court of a district in which is filed a case laying venue in

26   the wrong division or district shall dismiss, or if it be in the interest of

27   justice, transfer such case to any district or division in which it could

28   have been brought.

1    28 U.S.C. §1406(a).[1]

2         28 U.S.C. §1400(b) is the exclusive venue statute for patent infringement

3    claims.  *See VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1574,

4    1579-80 (Fed. Cir. 1990). To establish venue under 28 U.S.C. §1400(b), a plaintiff

5    must show either that: 1) the defendant resides in the district or 2) has a "regular

6    and established place of business" within that district *and* has committed an

7    infringing act within the District.  *Id.*  Amerigon cannot show that W.E.T. meets

8    either of these two very specific requirements of Title 28 and thus venue here is

9    improper.

10        First, W.E.T. does not reside within California, let alone the Central District

11   of California.   Residency under Section 1400(b) is defined by the corporate

12   defendant venue provision of 28 U.S.C. §1391(c).  *Id.* at 1578.  Accordingly, under

13   Section 1400(b), "a defendant that is a corporation shall be deemed to reside in any

14   judicial district in which it is subject to personal jurisdiction at the time the action

15   is commenced."  28 U.S.C. § 1391(c).  W.E.T. is an Ontario corporation with its

16   principal place of business in Canada.   Therefore, venue in this district is not

17   proper.  Amerigon has not, and cannot, claim that venue is proper based on the

18   residency prong of Section 1400(b).  *See* Complaint, ¶2 (asserting that venue is

19   proper because "W.E.T. conducts business throughout the United States, including

20   in this Judicial District, and has committed the acts complained of in this Judicial

21   District and elsewhere.").

22        Second, W.E.T. does not have a "regular and established place of business"

23   in this judicial district or California in general, nor has W.E.T. committed an

24   infringing act in California.  "[I]n determining whether a corporate defendant has a

25   regular and established place of business in a district, the appropriate inquiry is

26   
────────────────

27   [1] This Court may also transfer venue to the E.D. Mich. regardless of whether it has personal
     jurisdiction over W.E.T. *See* 28 U.S.C. §1631 (permitting the transfer of cases when jurisdiction
28   is lacking).

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS, ET AL.

1  whether the corporate defendant does its business in that district through a
2  permanent and continuous presence there." *In re Cordis Corp.,* 769 F.2d 733, 737
3  (Fed. Cir. 1985). Here, again, W.E.T. has no offices, employees, or property in the
4  entire State of California.  It has no business in California, much less a "regular
5  and established place of business" as required by Section 1400.

6      Because Amerigon cannot satisfy the "regular and established place of
7  business" requirement, it cannot establish venue under the second prong of 1400(b)
8  as a matter of law**,** and thus it is not even necessary for the Court to consider the
9  further requirement that W.E.T. must have committed infringing acts within this
10  District.  But it has not in any event—W.E.T. has not committed any acts of
11  infringement in California because it has not made, used, offered to sell, or sold
12  any allegedly infringing product in California.  W.E.T. only sells products to its
13  customer in Michigan.  Therefore, venue in this District is improper and the case
14  should be dismissed.

15      2.      Alternatively, this Case Should be Transferred to the Eastern
16              District of Michigan.

17      28 U.S.C. §1406 authorizes this Court to transfer a case that has been
18  brought in an improper venue if it is "in the interests of justice" that the case be
19  transferred to a venue in which the case "could have been brought."  Even if venue
20  is proper, however, the Court can still transfer the case to another venue "[f]or the
21  convenience of parties and witnesses, in the interest of justice." 28 U.S.C.
22  §1404(a).  This case should be transferred under either provision.

23      After granting mandamus in no less than *four* cases in the past 14 months
24  regarding wrongly-denied motions to transfer, when the chosen district had no
25  connection to the evidence or witnesses, the Federal Circuit had made its position
26  clear:

27          **This Court has held and holds again in this instance**
28          **that in a case featuring most witnesses and evidence**

7

**closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.**

*In re Nintendo Co.*, 2009 U.S. App. LEXIS 27647, at *6 (Fed. Cir. Dec. 17, 2009); *see also In re Hoffman-La Roche Inc.*, Misc. No. 911, U.S. App. LEXIS 26244 (Fed. Cir. Dec. 2, 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).

Those exact circumstances exist here. When of all the relevant factors are considered, the Eastern District of Michigan is beyond doubt the most appropriate and convenient forum in which to litigate this case, and the case should be transferred.[2]

In deciding whether to transfer a case, whether under Section 1404(a) or 1406, the Court considers factors affecting the private interests of the litigants and the interests of the public. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09 (1947) (overruled for other reasons); *see, e.g. Bentz v. Recile,* 778 F.2d 1026, 1027-28 (5th Cir. 1985) ("sections 1404(a) and section 1406(a) employ an 'interest of justice' standard"). Unlike the personal jurisdiction analysis, which looks to Federal Circuit law in patent cases, the law of the regional circuit governs the determination of venue; in this case, the Ninth Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

The Ninth Circuit has held that in deciding whether transfer is appropriate, this Court must "balance the preference accorded to Plaintiff's choice of forum

---

[2] As a threshold matter, to the extent any viable claim for relief is set for in Amerigon's complaint, there can be no dispute that this case could have been brought in the E.D. Mich. Given the significant contacts that both parties have with Michigan, including the relevant consumers, the E.D. Mich. would also clearly have personal jurisdiction over W.E.T. and Amerigon. *See* 28 U.S.C. §§1391(c), 1406, and 1400(b); Klein Dec., *passim* (describing sufficient minimum contacts in Michigan).

8

with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In doing so, the Court should consider the following private and public interest factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

> a.    The Relevant Activity Took Place in Michigan.

This patent action will involve the comparison of the claims set forth in the patents-in-suit to the accused product – believed to be W.E.T.'s ActiveCools™ products currently being sold to General Motors. W.E.T.'s conception, design, development, manufacturing, and sales of its ActiveCools™ is relevant. *All* of these activities took place primarily in Michigan, and some in Windsor, Canada; *none* of them occurred in California. *See* Klein Dec. ¶ 6. Even the automobiles in which the ActiveCools™ were placed are manufactured/assembled in Delta Township, Michigan, a location near the E.D. Mich. Klein Dec. ¶ 10. Given these facts, this factors weighs heavily in favor of transferring this case to the E.D. Mich.

> b.    Both California and Michigan are Equally Familiar with Patent Law.

The second factor, which requires the Court to consider if either state is more familiar with the applicable law, is neutral in this case because alleged patent infringement, a claim arising under federal law, is the only claim at issue. Thus, since the E.D. Mich. and this Court are no doubt equally familiar with patent law

9

1   and Amerigon's complaint does not contain any state claims implicating California
2   state law, the factor is neutral.  If anything, given its location in the heart of the
3   domestic automobile industry, the court in the Eastern District of Michigan has
4   extensive familiar with the customs, practice, and workings of that industry, which
5   would be of benefit to both parties in this case.

6             c.    Plaintiff's Choice of Forum is Afforded Little Weight In
7                   These Circumstances.

8         The Ninth Circuit has held that, "[i]f the operative facts have not occurred
9   within the forum of original selection and that forum has no particular interest in
10  the parties or the subject matter, the plaintiff's choice is entitled only to minimal
11  consideration."  *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.
12  1968); *see also Inherent.com v. Martindale-Hubbell*, 420 F. Supp.2d 1093, 1100
13  (N.D.Cal. 2006) ("the degree to which courts defer to plaintiff's chosen venue is
14  substantially reduced when the plaintiff's choice is not its residence.") (internal
15  quotes omitted).   Here, none of the operative facts have occurred within this
16  district and neither party has any connection to this district.  Notably, it is just the
17  opposite—Amerigon is a Michigan corporation with its headquarters and principal
18  place of business located in the E.D. Mich.  The fact that Amerigon chose this
19  judicial district, perhaps only out of convenience for its own legal counsel, is
20  afforded little weight.

21            d.    The Parties Have Minimal Contacts With This District
22                  and Many with the E.D. of Michigan.

23        Factors four and five require the Court to consider each parties' contacts
24  with the forums, and particularly, those contacts relating to the plaintiff's cause of
25  action.  W.E.T. has no contacts with this judicial district or California.  Amerigon's
26  only contact with California is a small office located in Irwindale, California, and
27  outside counsel located in California.  There is no connection between this lawsuit
28  and this district.

1    In sharp contrast, both W.E.T. and Amerigon have numerous contacts with

2    the E.D. Mich. that are directly relevant to this case.  The conception, design, and

3    development of ActiveCools™ took place in Michigan and nearby Windsor.  *See*

4    Klein Dec. ¶ 6.  All of the sales of ActiveCools™ have taken place in Michigan.

5    Klein Dec. ¶ 9.  Third parties that have participated in the design and development

6    of ActiveCools™ are located in Michigan. Klein Dec. ¶ 6-7.  W.E.T.'s customers

7    for ActiveCools™ are located in Michigan. Klein Dec. ¶ 9. Further, Amerigon's

8    world headquarters are in Michigan and the negotiations between the parties

9    regarding this case have occurred in Michigan. Klein Dec. ¶ 13, 16.   Finally,

10   Amerigon is in the same business as W.E.T. and deals with the same market

11   participants, in Michigan.

12                    e.      Litigating in this Court Would Be More Expensive for

13                            Both Parties than Litigating in Michigan.

14    Litigating this case in California would require extensive travel and expense

15   for both parties that would not be required were the case in Michigan.   Since

16   W.E.T. is located in Ontario, Canada and Amerigon is a Michigan corporation also

17   located in Michigan, and most relevant third parties (i.e. the relevant third party

18   customers and their documents) are located in Michigan, all witnesses would have

19   to travel to California for hearings and trial.  That would not be the case if the case

20   were in Detroit.

21    Moreover, Amerigon's California attorneys themselves will have to travel to

22   Michigan or Canada for all depositions, those of both parties and relevant third

23   parties, regardless of where the case is.  And since all relevant documents are in

24   Michigan and Canada, those attorneys will likely have to do extensive traveling to

25   Michigan to review documents as well.  W.E.T's counsel in Chicago, Washington,

26   and Detroit are much closer to Detroit than California.  Thus, expense of counsel is

27   less if the case is in Detroit.

28

11

1    In sum, the expense for both parties would be far less if this case were

2  litigated in Detroit.

3                    f.        All Relevant Witnesses, Third Parties, and Documents

4                              are Located in Michigan and Canada.

5    Factors seven and eight require the Court to consider the availability of

6  compulsory process to compel attendance of unwilling non-party witnesses, and

7  the ease of access to sources of proof.  Most of the witnesses, both party witnesses

8  and third parties, are located in Canada or Michigan.  Under Fed. R. Civ. P.

9  45(b)(2)(B), a third party cannot be compelled to travel more than 100 miles to

10  attend a hearing or trial.  If this case were to be litigated in California, many

11  relevant third party witnesses – individuals from JCI, Lear Corporation, and

12  General Motors — could not be compelled to attend trial.  Moreover, Ninth Circuit

13  district courts have held that Rule 45 does not even permit service of subpoena on

14  a party officer outside a 100-mile radius.  *Iorio v. Allianz Life Ins. Co.*, 2009 U.S.

15  Dist. LEXIS 97617, at*12 (S.D. Cal. Oct. 21, 2009) (quashing subpoenas served

16  on party officers outside Court's 100-mile radius); *Dolezal v. Fritch*, 2009 U.S.

17  Dist. LEXIS 26238, at *6 (D. Ariz. March 23, 2009) (refusing to hold contempt

18  hearing for party officers' failure to appear because subpoena was served outside

19  the Court's 100-mile radius).  Therefore, if this were litigated in California, neither

20  party could even compel the attendance of the other party's officers.  *See* 9-45

21  Moore's Federal Practice – Civil §45.02[4][a] (2009) (absent a subpoena or pretrial

22  order, there is no obligation that a party attend a trial).

23    In contrast, both the relevant third parties and the officers of both parties

24  could be compelled to attend a trial in the E.D. Mich.  Moreover, since all relevant

25  documents are located in Michigan and Windsor, they will be much more

26  accessible to the litigators if this case were tried in the E.D. Mich. rather than

27  California.

28

12

1    Based on all the above factors, and particularly because this Court lacks *any*
2  connection to the issues in this case and *all* relevant witnesses and documents are
3  located in Michigan or nearby Windsor, this case should be transferred to the E.D.
4  Mich.  *See, e.g., In re Nintendo Co.*, 2009 U.S. App. LEXIS 27647 at *6 ("in a
5  case featuring most witnesses and evidence closer to the transferee venue with few
6  or no convenience factors favoring the venue chosen by the plaintiff, the trial court
7  should grant a motion to transfer").

8  **IV.    CONCLUSION**

9    For all these reasons, the Court should dismiss this case or transfer it to the
10 Eastern District of Michigan.

11

12                                      STEPTOE & JOHNSON LLP
13 Dated:  February 7, 2010             Seong H. Kim
                                        Thomas G. Pasternak
14                                      Dylan Ruga
                                        Tremayne Norris
15                                      Tiffany Miller
16                                      and
17
18                                      DOBRUSIN & THENNISCH PC
                                        Jeffrey P. Thennisch
18                                      Eric M. Dobrusin
19                                      Eric R. Kurtycz
20
21                                      By:   /s/ Dylan Ruga
                                        _____
22                                         Dylan Ruga
                                           Attorneys for Defendants
23                                         WET AUTOMOTIVE SYSTEMS
                                           LTD.
24
25
26
27
28

13