1  STEPTOE & JOHNSON LLP
   Seong Kim (SBN 166604)
2  Dylan Ruga (SBN 235969)
   2121 Avenue of the Stars, Suite 2800
3  Los Angeles, CA  90067
   Telephone:  (310) 734-3200
4  Facsimile:  (310) 734-3300
   Email:      skim@steptoe.com
5  Email:      druga@steptoe.com
6
   Thomas G. Pasternak
7  (*pro hac vice* application forthcoming)
   115 South La Salle Street, Suite 3100
8  Chicago, IL  60603
   Telephone:  (312) 577-1265
9  Facsimile:  (312) 577-1370
10 Email:      tpasternak@steptoe.com

11 Tremayne Norris
   (*pro hac vice* application forthcoming)
12 Tiffany Miller
   (*pro hac vice* application forthcoming)
13 1330 Connecticut Ave., NW
   Washington D.C.  20036
14 Telephone:  (202) 429-3000
   Facsimile:  (202) 429-3902
15 Email:      tnorris@steptoe.com;
16 Email:      tmiller@steptoe.com

17
   DOBRUSIN & THENNISCH PC
18 Jeffrey P. Thennisch
   (*pro hac vice* application forthcoming)
19 Eric M. Dobrusin
   (*pro hac vice* application forthcoming)
20 Eric R. Kurtycz
   (*pro hac vice* application forthcoming)
21 29 W Lawrence Street, Suite 210
22 Pontiac, MI  48342
   Telephone:  (248) 292-2920
23 Fax:        (248) 292-2910
   Email:      Jthennisch@patentco.com
24 Email:      edobrusin@patentco.com
25 Email:      ekurtycz@patentco.com

26 Attorneys for Defendant
   WET AUTOMOTIVE SYSTEMS LTD.
27

28

1

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS COUNT III.

Doc. # CC-221419 v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIGON INC., a Michigan corporation,<br><br>             Plaintiff,<br><br>   v.<br><br>W.E.T. AUTOMOTIVE SYSTEMS LTD., an Ontario corporation,<br><br>             Defendant. | Case No. CV09-08466 RGK (RCx)<br><br>Hon. R. Gary Klausner<br><br>**W.E.T.'S NOTICE OF MOTION AND MOTION TO DISMISS COUNT III UNDER RULE 12(b)(6), FED. R. CIV. P.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         March 8, 2010<br>Time:        9:00 a.m.<br>Courtroom: 850 |

1  PLEASE TAKE NOTICE that on March 8, 2010, at 9:00 a.m. or as soon
2  thereafter as counsel may be heard, in Courtroom 850 of the United States District
3  Court for the Central District of California, located at 255 E. Temple Street, Los
4  Angeles, CA, before the Honorable R. Gary Klausner, Defendant W.E.T.
5  Automotive Systems Ltd. ("W.E.T."), by and through Counsel, will move for an
6  Order to dismiss Count III under Rule 12(b)(6), Fed. R. Civ. P.

7  This Motion is based upon this Notice of Motion and Motion, the
8  accompanying Memorandum of Points and Authorities, all matters of which the
9  Court may properly take judicial notice, and all other oral and documentary
10 evidence which may be presented prior to or at the hearing on the Motion.

11 WHEREFORE for the reasons stated and as explained more fully within the
12 concurrently filed Brief request this Honorable Court for an Order dismissing
13 Plaintiff's Complaint for lack of personal jurisdiction or improper venue, or in the
14 alternative, to transfer venue to the Eastern District of Michigan.

Dated:  February 7, 2010

STEPTOE & JOHNSON LLP
Seong H. Kim
Thomas G. Pasternak
Dylan Ruga
Tremayne Norris
Tiffany Miller

and

DOBRUSIN & THENNISCH PC
Jeffrey P. Thennisch
Eric M. Dobrusin
Eric R. Kurtycz

By:   /s/ Dylan Ruga
        Dylan Ruga
        Attorneys for Defendants
        WET AUTOMOTIVE SYSTEMS LTD.

1

W.E.T.'S NOTICE OF MOTION AND
MOTION TO DISMISS COUNT III.

Doc. # CC-221419 v.1

## I. BACKGROUND

This is a patent case in which Amerigon alleges that W.E.T. is infringing four patents. One of the four patents asserted by Amerigon is United States Patent No. 4,923,248, titled "Cooling and Heating Seat Pad Construction." The named inventor is Steve Feher, of Honolulu, Hawaii. This patent will be referred to in this brief as the "Feher Patent." *See* Exhibit A.

The Feher Patent issued on May 8, 1990, from an application filed on November 17, 1988. *Id.* This Court can take judicial notice that the Feher Patent therefore expired on November 17, 2008, twenty years from its filing date. The Manual for Patent Examining Procedure provides that all patents (other than design patents) that were in force on June 8, 1995, or that issued on an application that was filed before June 8, 1995, have a term that is the greater of twenty years from issuance or seventeen years from the patent grant. MPEP § 2701; *see also* 35 U.S.C. 154(c). Amerigon's claim for alleged infringement of the Feher Patent thus seeks damages for infringement of an expired patent, which makes no sense unless there is a claim for past damages.

And there is not. Amerigon has made no allegation that the patentee complied with 35 U.S.C. Section 287, the patent damages statute, which requires actual notice of the alleged infringement **by the patentee**, in this case Feher, or constructive notice via patent marking.

The applicable law provides as follows:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of

> failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287.

The actual notice must come from the patentee and not others. *Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1327, (Fed. Cir. 2001),

Since there is no allegation of constructive notice or that there was actual notice given by the patentee to W.E.T. of the alleged infringement by W.E.T, Count III fails and should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II.   ARGUMENT

A Rule 12(b)(6) motion tests the legal sufficiency of a claim asserted in a complaint and dismissal is appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)(citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997). In other words, a complaint must allege facts sufficient to raise a right to relief that rises above the level of mere speculation and is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)(citing 5 C. Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

**A.   Amerigon's Assertion of the Feher Patent Fails to Properly Allege Notice.**

The Federal Circuit's controlling precedent of *Lans v. Digital Equipment Corp.*, 252 F.3d 1320 (Fed. Cir. 2001) makes clear that Amerigon has failed to plead a cognizable legal theory of recovery for patent infringement under the Feher

2

1  Patent.  In *Lans*, the Federal Circuit held that actual notice under § 287(a) "must be
2  an affirmative act on the part of the patentee which informs the defendant of
3  infringement." 252 F.3d at 1327-8 (quoting *Amsted Indus. Inc. v. Buckeye Steel*
4  *Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)(emphasis added).  The Court
5  noted that this rule follows prior decisions of the Federal Circuit and the Supreme
6  Court, fulfills the  purposes of § 287(a) by facilitating an alleged infringer's efforts
7  to avoid continued infringement, and avoids troublesome determinations about the
8  sufficiency of relationships between the notifier and the patentee.  *Id*.  Again, it is
9  the patentee who must provide notice.
10       In Paragraph 38 of its Complaint, Amerigon alleges only that "Amerigon has
11 given W.E.T. notice that it has infringed the '248 Patent."  Since Feher is the
12 patentee, or at least Amerigon has not alleged anything to the contrary, this
13 allegation does not suffice to set forth a cognizable legal claim under actual notice.
14 Amerigon alleges nothing regarding constructive notice.
15 / / /
16 / / /
17 / / /

3

### III. CONCLUSION

On the basis of the pleadings, and without resort to any evidence outside the pleadings, Amerigon has not set forth allegations to support a claim for past damage of the Feher Patent. Amerigon has failed to state a claim for which any relief can be granted, as the Feher Patent has expired. Accordingly, the Court should dismiss Amerigon's "Third Claim For Relief Infringement of U.S. Patent No. 4,923,248."

Dated: February 7, 2010

STEPTOE & JOHNSON LLP
Seong H. Kim
Thomas G. Pasternak
Dylan Ruga
Tremayne Norris
Tiffany Miller

and

DOBRUSIN & THENNISCH PC
Jeffrey P. Thennisch
Eric M. Dobrusin
Eric R. Kurtycz

By:  /s/ Dylan Ruga
     Dylan Ruga
     Attorneys for Defendants
     WET AUTOMOTIVE SYSTEMS LTD.